IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RONNIE GULLY, JR., <br><br> **Plaintiff,** <br><br> v. <br><br> PHILIP T. ROYSTER, *et al*, <br><br> **Defendants.** | Case No. 26-cv-00114-SPM |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court on a motion titled "Motion for Temporary Restraining Order in Conjunction with All Writs Act" filed by *pro se* Plaintiff Ronnie Gully, Jr. (Doc. 8). Plaintiff is an inmate of the Illinois Department of Corrections and is currently incarcerated at Menard Correctional Center (Menard). Plaintiff brings this lawsuit for violations of his constitutional rights and civil conspiracy under 42 U.S.C. §1983 and for intentional infliction of emotional distress under Illinois law. The Complaint is awaiting preliminary review pursuant to 28 U.S.C. §1915A.

In the Complaint, Plaintiff alleges that on February 14, 2025, Defendant Lieutenant Gaetz made sexually explicit comments to him during a strip search. (Doc. 1, p. 6). Because of the comments, Plaintiff requested the presence of another officer. (*Id.*). Defendant Lieutenant Royster arrived, and unprovoked, sprayed Plaintiff with mace. (*Id.*). Following the incident, Plaintiff was issued a false disciplinary report for disobeying a directed order and attempt to assault. (*Id.*). Plaintiff was found guilty of the charges and sanctioned with segregation. Once he was released from segregation, Royster threatened Plaintiff and stated that Plaintiff was going to wish he was dead. (*Id.* at p. 7). Subsequently, Plaintiff was "deadlocked" in his cell and has received three

additional false disciplinary reports, which resulted in Plaintiff being held in segregation for over nine months. (*Id.* at p. 7- 10). Plaintiff believes that the harassment was orchestrated by Royster because Plaintiff filed a PREA report and grievances about the incident on February 14, 2025. (*Id.* at p. 7). He states that Royster, as union representative, "backs" staff members whenever there is a lawsuit or complaint filed against them so that they can keep their jobs. (*Id.* at p. 9).

In his motion seeking a TRO, Plaintiff asserts that the "campaign of harassment" continues. (Doc. 8, p. 1). He claims that staff at Menard are attempting to "stop, deter, and sift ultimately his will to litigate" and challenge prison conditions. (*Id.*). He states that attorney calls have been cancelled, improper cell searches are repeatedly conducted, legal documents and materials have been destroyed and mishandled, and mail has been intercepted. (*Id.*). He also has been denied medical attention and has been the recipient of threats, taunting, and false disciplinary reports. (*Id.*). Plaintiff asserts that these events have hindered and obstructed the "due course of justice." (*Id.* at p. 2).

Plaintiff describes Defendant Royster as a top official who has influence over other staff members. (Doc. 8, p. 2). Plaintiff argues that if he stays at Menard, it will be impossible for him to competently litigate his lawsuits because of staff conduct and the poor conditions of his cell. (*Id.*). He seeks the Court to intervene and order his transfer pursuant to Federal Rule of Civil Procedure 65 and the All Writs Act. (*Id.* at p. 5). Plaintiff requests that prior to his transfer a restraining order be issued to keep him separate from the staff members who are harassing him. (*Id.*).

A temporary restraining order (TRO) is an order issued without notice to the party to be enjoined that may last no more than 14 days. FED. R. CIV. P. 65(b)(2). A TRO may issue without notice *only* if (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be

heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required. FED. R. CIV. P. 65(b)(1). Further, pursuant to the Prison Litigation Reform Act (PLRA), any grant of injunctive relief, including a TRO, "shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs" and cannot issue "unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(2).

At this point, Plaintiff's belief that he will be unable to litigate this case without Court intervention is purely speculative. Plaintiff's Complaint is awaiting preliminary review pursuant to Section 1915A (Doc. 1), his motion for leave to proceed *in forma pauperis* had been granted (Doc. 7), and the motion for a TRO is currently before the Court (Doc. 8). Assuming Plaintiff no longer has access to various documents and legal books, these items are not needed at this early stage in the case. All that is required when filing a complaint is a short and plain statement telling what each defendant did wrong. A successful pleading does not require legal research, arguments, or exhibits. *See* FED. R. CIV. P. 8. Here, Plaintiff has been successful in filing a Complaint with the Court, which includes affidavits from other inmates, copies of grievance receipts, and citations to case law, and there are no deadlines or further filing requirements while the Complaint awaits review. (Doc. 4). Plaintiff's fear that staff misconduct will impede the future prosecution of his claims is not sufficient to make the requisite showing that he will suffer an irreparable injury *before* Defendants can be heard.[1] FED. R. CIV. P. 65(b)(1)(A).

---

[1] The Court further notes that based on the public record, there is no indication that Plaintiff is being impeded from prosecuting his claims. Currently, he has four open cases in this district. This case and two other cases, Plaintiff initiated since the commencement of the "campaign of harassment" begun on February 14, 2025. *See* Case No. 25-cv-01948-SPM; 26-cv-00107-SMY. In Plaintiff's fourth case, which was filed in 2022, he filed four motions and a response brief from February 2025 through April 2025, when he was recruited counsel. *See* Case No. 22-cv-02816-RJD (Doc. 72, 75, 76, 77, 78).

Additionally, Plaintiff's request for relief, a transfer to another facility, is far from the "least intrusive" means of addressing his concerns regarding mishandling of and access to legal documents, books, and correspondence. A request for a prison transfer is not appropriate here. The Court will not issue a TRO.

And finally, because Plaintiff has failed to demonstrate irreparable injury that would justify an exercise of jurisdiction over non-parties, the Court also will not grant the request for a transfer under the All Writs Act. 28 U.S.C. § 1651(a).

For these reasons, the motion is **DENIED.**

**IT IS SO ORDERED.**

**DATED: February 19, 2026**

                                                   *s/Stephen P. McGlynn*
                                                   **STEPHEN P. MCGLYNN**
                                                   **United States District Judge**